**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:     In the Interest of A.A.H. AKA A.H. v. Department of Family and Protective Services

Appellate case numbers:     01-19-00612-CV

Trial court case number:     2018-59296

Trial court:     310th District Court of Harris County

On October 9, 2019, appellant filed a motion for extension of time to file a brief, stating, among other things, that the reporter's record was not complete. Specifically, appellant states that "The reporter's record and corresponding exhibits from trial on June 26, 2019, have not been filed with the First Court of Appeals."

Because this is a termination case, the Court is required to bring this appeal to final disposition within 180 days of the date of the notice of appeal was filed so far as reasonably possible. *See* TEX. R. JUD. ADMIN. 6.2, reprinted in TEX. GOV'T CODE ANN., tit. 2, subtit. F app. Based on appellant's contentions, it appears that there may be an inaccuracy in the reporter's record or that a portion of the reporter's record may have been lost or destroyed. *See* TEX. R. APP. P. 34.6(e)(2), (3), (f). Accordingly, we abate the appeal and remand for the trial court to immediately conduct a hearing at which a representative of the Department of Family and Protective Services, appellant's counsel, Valeria Lee Brock, and the court reporter, Angelia Singleton, shall be present.

The trial court is directed to:

(1) Determine whether the reporter's record, filed with this Court on August 28, 2019, is complete;

(2) Determine whether any other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record on file with this Court;

(3) If other testimony, argument, or proceedings from the trial of this cause have been omitted from the reporter's record on file with this Court, determine whether the testimony, argument, or proceedings was or were stenographically or otherwise recorded and whether the court reporter is able to prepare, certify, and file a transcription of the testimony, argument, or proceedings;

(4) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court but can be prepared, certified, and filed by the court reporter, order the court reporter to prepare, certify and file a supplemental reporter's record containing the missing portions of the trial proceedings, and provide a deadline for filing the supplemental record of no later than 30 days from the date of the abatement hearing in the trial court;

(5) If any portion of the trial proceedings has been omitted from the reporter's record on file with this Court and cannot be prepared, certified, and filed in a supplemental reporter's record, determine:

   a. Whether the lost or destroyed portion of the reporter's record is necessary to the appeal's resolution; and

   b. Whether the lost or destroyed portion of the reporter's record can be replaced by agreement of the parties;

(6) make any other findings and recommendations the trial court deems appropriate; and

(7) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. GOV'T CODE ANN. § 52.046; TEX. R. APP. P. 13.1(a), 34.6(a)(1)(2), (d), (e)(2), (3), (f), 35.3(b), (c).

The trial court shall have a court reporter record the hearing and file the reporter's record with this Court within 25 days of the date of this order. The trial court clerk is directed to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court within 25 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record of the hearing are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

2

It is so ORDERED.

Judge's signature:    /s/ Sherry Radack
                      ☒  Acting individually      ☐  Acting for the Court
Date:    ___October 15, 2019____